BENJAMIN B. WAGNER
United States Attorney
HEATHER MARDEL JONES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>APPROXIMATELY $14,180.33 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NO. 586583378, HELD IN THE NAME OF YONG TAE KIM, and<br><br>APPROXIMATELY $5,945.59 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NO. 2628728095, HELD IN THE NAME OF YONG TAE KIM,<br><br>        Defendants. | CASE NO.  1:10-CV-01356-AWI-SKO<br><br>**FINAL JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herewith, the Court finds:

1. This is a civil forfeiture action against defendant approximately $14,180.33 in U.S. Currency seized from Wells Fargo Bank account number 586583378, and defendant approximately $5,945.59 in U.S. Currency seized from Wells Fargo Bank account number 2628728083 (hereafter "defendant funds").

2. A Verified Complaint for Forfeiture *In Rem* was filed on July 28, 2010, alleging

Final Judgment of Forfeiture                1

that said defendant funds are subject to forfeiture to the United States of America pursuant to 21 U.S.C. §881(a)(6).

3. On August 4, 2010, the Clerk of the Court issued a Warrant for Arrest for the defendant funds.  The warrant for the defendant funds was duly executed on August 11, 2010.

4. Beginning on August 4, 2010, for at least 30 consecutive days, the United States published notice of this action on the official government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed with the Court on October 14, 2010.

5. In addition to public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

   a. Yong Tae Kim

6. On September 8, 2010, Yong Tae Kim filed a Verified Claim to the defendant funds.  On September 29, 2010, Yong Tae Kim filed his Answer to the Verified Complaint for Forfeiture *In Rem*.

7. Claimant Yong Tae Kim states that he is the sole owner of the defendant funds and has authority to enter into this agreement.

8. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against Claimant Yong Tae Kim and all other potential claimants who have not filed claims in this action.

3. Upon entry of a Final Judgment of Forfeiture herein, $14,180.33 in U.S. Currency of the defendant funds, together with any interest that may have accrued on the full

Final Judgment of Forfeiture                2

amount of the defendant funds, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4. Within 60 days from the full execution of the Stipulation and after sentencing in the related criminal action *United States v. Yong Tae Kim, et al.*, 1:10-CR-00080-AWI, whichever is later, $5,945.59 of the defendant funds shall be returned to Claimant via his counsel of record, Eric D. Shevin, Esq., Law Offices of Eric D. Shevin, 15260 Ventura Blvd., Suite 1050, Sherman Oaks, CA 91403  Tel. (818) 784-2700.

5. That plaintiff United States of America and its servants, agents, and employees, and all other Public entities, their servants, agents, and employees, are released from any and all liability, arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

6. That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on or about July 28, 2010, the Court finds that there was reasonable cause for the seizure and arrest of the defendant funds, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

7. Pursuant to the Stipulation for Final Judgment of Forfeiture entered into between the parties, no  party "substantially prevailed" within the meaning of 28 U.S.C. § 2465.  All parties shall bear their own costs and attorney's fees.

8. The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

# CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed July 28, 2010, and the Stipulation for Final Judgment of Forfeiture filed herewith, this Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure or arrest of the defendant funds, and for the commencement and prosecution of this forfeiture.

IT IS SO ORDERED.

Dated:   April 10, 2014                                    _____
                                                                              SENIOR DISTRICT JUDGE